## BLASSINGAME v. DAVIES et al.

BECK, P. J. 1. Under the pleadings and the facts in this case, the judge did not abuse the discretion vested in him by law in passing the order excepted to, that is, that a temporary receiver, who had been before appointed, be discharged and the appointment of a permanent receiver be refused; and further, that the temporary receiver, who had taken charge of a part of the property involved in the controversy, deliver the same to the sheriff of Walton County. And especially is this true in the absence of allegations or proof that the party defendant from whom the plaintiff was seeking to collect a debt was. insolvent; for it will be presumed that he was solvent, and at the final hearing such decree can be rendered as will secure to the plaintiff all of his rights and a money judgment for all that is due him.

2. Certain evidence offered in this case was objected to upon the ground that there was higher and better evidence of the facts sought to be proved, and this objection was apparently well taken; but the evidence related, in the main, to such facts as were not disputed, as, for instance, the appointment of a certain named person as trustee in bankruptcy, and the judgment will not be reversed because of the admission of this testimony; nor will it be reversed because of the admission of certain other testimony which was immaterial.

<em>Judgment affirmed. All the Justices concur.</em>

No. 7798.  FEBRUARY 18, 1931.

*William T. Dean* and *Burress & Dillard,* for plaintiff.
*Orrin Roberts* and *J. M. Roberts,* for defendants.